IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

VANESSA TIMMONS
and AMANDA ROLLINS

vs.                                                CIVIL ACTION:
                                                   JURY REQUESTED

CONCORD HEALTHCARE GROUP, LLC.,
GARDENDALE REHABILITATION
AND NURSING CENTER, JOSEF NEUMAN,
OSCAR ROSENBERG, AND SHERYL SMITH

PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

INTRODUCTION

1. Plaintiffs Vanessa Timmons and Amanda Rollins alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendants. Defendants have failed to pay Plaintiffs and other similarly situated employees for continuous workday activities which are integral and indispensable to their principal activities. For themselves the named Plaintiffs seeks their unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

PARTIES

2. The named Plaintiffs were employees of the Defendants. The Plaintiffs brings this action to recover unpaid compensation due them.

**PLAINTIFFS COMPLAINT**
**Page 1**

3. The Defendant CONCORD HEALTHCARE GROUP, LLC, and GARDENDALE REHABILITATION AND NURSING CENTER are limited liability companies having done or doing business in the State of Texas.  Defendant CONCORD HEALTHCARE GROUP, LLC and GARDENDALE REHABILITATION AND NURSING CENTER do or did business in the Eastern District of Texas and can be served through its registered agent, Vcorp Services, LLC, 1999 Byan Street, Suite 900, Dallas, Texas 75201..   JOSEF NEUMAN is an officer or agent and may be served at 20 Aspen Court, Lakewood, New Jersey 08701.   OSCAR ROSENBERG is an officer or agent and may be served by at 6203 Turner Way, Dallas, Texas 75230.   SHERYL SMITH was the administrator of the facility in Jacksonville, Texas, and may be served at her place of employment, being Whispering Pines Lodge, 2131 Alpine Rd., Longview, Texas 75601.  The term "employer" is defined broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes . . . anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

### JURISDICTION AND VENUE

4.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337.  This action arises in part under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

5.  Venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(a)(1) lies in the Eastern District of Texas, Marshall  Division in that a substantial part of the events or omissions. giving rise to the claims occurred in this District.

**PLAINTIFFS COMPLAINT**
Page 2

# FACTS

6.. Defendant Concord Healthcare Group, LLC. owns or did own numerous rehabilitation and nursing facilities in the State of Texas.

7. Josef Neuman is a corporate officer with operational control of a corporation's employees. The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)

8. Josef Neuman is listed with the Texas Secretary of State Office as a governing person for Gardendale Operator, LLC, with an address of 111 Clifton Ave. Ste. 17, Lakewood, N.J. 08701.

9. On August 29, 2014, Josef Neuman sent out correspondence to other employees of defendants stating in part "As of 12:00am on Monday, September 1st, (the "Transition time") Concord Healthcare Group (the "company") will be the new licensed operator of Gardendale Rehabilitation and Nursing Center. You are being offered employment with the Company and you will be commencing your new employment at the Transition time. The first payroll of the new operator will be for the period beginning at 12:01 Monday, September 1st until Saturday September 6th and will be paid on September 12th. The next pay period will start on September 7th and run through September 20th with bi-weekly payroll following the same schedule going forward." (See Exhibit "A" attached hereto).

10. Oscar Rosenberg is a corporate officer with operational control of a corporation's employees.

11. Oscar Rosenberg is listed with the Texas Secretary of State Office as a governing person for

Gardendale Operator, LLC, with an address of 6203 Turner Way, Dallas, Texas 75230.

12. Oscar Rosenberg signed as manager of Gardendale Operator, LLC. in an agreement dated December 10, 2014 for a loan up to $500,000.00, which was secured by a deed of trust. Said document being filed in Volume 2252, Page 321 of the Land Records of Cherokee County, Texas.

13. Josef Neuman and Oscar Rosenberg were or are corporate officers in several other nursing facilities in the State of Texas, including but not limited to Tex Star Tx Healthcare Operator, LLC., Waco Healthcare Residence, LLC., Manor Nursing and Rehab Center, LLC., Western Hills Nursing and Rehab Cneter, LLC., Groesbeck Healthcare Residence, LLC., Fairview Operations, LLC., San Saba Nursing and Rehab Center, LLC., Mineola Nursing and Rehab Center, LLC., Quitman Nursing and Rehab Center, LLC., Lampasas Healthcare Residence, LLC., Plum Creek Speciality Hospital Operator, LLC., and Centerville Healthcare Residence Operator, LLC.

14. Defendant Josef Neuman is 50 percent owner in Concord Healthcare Group, LLC.

15. Defendant Oscar Rosenber is 50 percent owner in Concord Healthcare Group, LLC.

16. Sheryl Smith was the administrator for Gardendale Rehabilation and Nursing Center

17. At all times relevant hereto, Defendants have been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA. The U. S. Department of Labor, fact sheet #31, states that "The FlSA covers all nursing care enterprises, public and private, whether operated for profit or not for profit. (See Exhibit "B" attached hereto).

18. Plaintiff Vanessa Timmons was employed as a Kitchen Supervisor by the defendants, whose job duties included, but are limited to (a) taking care of patients (b) serving meals to patients (c)

providing medications to patients and/or assisting in providing medication to patients (d) document actions by completing forms, reports, logs and records. The Plaintiff in her job handled goods, such as cleaning supplies and food which, according to their labels, were produced in interstate commerce. Defendants had employees who regularly used channels of commerce including but not limited to, processing credit card transactions, making interstate phone calls, using the internet, and handling interstate mail.

19. Plaintiff Amanda Rollins was employed as activity director but sometimes worked as a CNA when staff was low at the facility, whose job duties included, but are limited to (a) taking care of patients (b) serving meals to patients (c) providing medications to patients and/or assisting in providing medication to patients (d) document actions by completing forms, reports, logs and records.

20. The defendants used medicare and medicaid to pay for the patients. . Upon information and belief, part of those funds received via medicare and medicaid were used to pay Plaintiffs and other employees at the facility. The Fifth Circuit has held that "it cannot seriously be contended that ... [Medicare and Medicaid] do not affect commerce." *U.S. v. Ogba,* 526 F.3d 214, 238 (5th Cir.2008) (quoting *United States v. Hickman,* 331 F.3d 439, 443 (5th Cir. 2003); citing *Summit Health v. Pinhas,* 500 U.S. 322, 327, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991)). Defendant also used medical insurance to pay for the patients. (Attached as Exhibit "C" is from the website of Defendants stating in part "participates in medicare and medicaid...)

21. Upon information and belief, the Defendants, had gross sales or business done in excess of $500,000 annually for the years 2015, 2016, 2017, and 2018.

**PLAINTIFFS COMPLAINT**
**Page 5**

22. Upon information and belief, the Defendant's gross sales or business done, exceeded $500,000 for the year 2019.

23   At all times relevant hereto, Defendants have been an employer subject to the wage and hour provisions of the FLSA.

24.  At all times relevant to this lawsuit, the Defendants have employed and continue to employ a substantial number of employees in non-exempt work.   Defendants business operation in Cherokee County, Texas, was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

25. Defendants have a policy in effect that automatically deducts certain times for lunch.   Due to the workload placed on Plaintiff and other employees, Plaintiff and other employees would often have to work through their lunch hour.

26.  Defendants were aware of several other employees complaining about having to work through their lunch hour without proper compensation.

27. Despite the complaints from several other employees, Defendants failed to modify and/or alter said lunch time policy.

28. Based on a wage of $24.00 per hour, Plaintiff Vanessa Timmons worked approximately two (2) hours a week for which she was not paid wages from February 5, 2018 to September 27, 2019.

29. Based on the figures presently available to Plaintiff, 87 weeks times 2 hours times $24.00 equal $4,176.00.  1.5 x $24.00 = $36.00.   87 weeks times 2 hours times $36.00 equal $6,264.00.

Once discovery is produced from the Defendant, Plaintiff will be able to provide a more accurate calculation.

30.  Based on a wage of $16.32 per hour, Amanda Rollins worked approximately two (2) hours a week for which she was not paid wages from March 1, 2017 to September 19, 2019.

31. Based on the figures presently available to Plaintiff Rollins, 123 weeks times 2 hours times $16.32  equal $4,014.72.  1.5 x $16.32.00 = $24.48.   123 weeks times 2 hours times $24.48 equal $6,022.08.   Once discovery is produced from the Defendant, Plaintiff will be able to provide a more accurate calculation.

32.  During her employment with Defendants, certain deductions were taken from the earnings of Plaintiff Vanessa Timmons being $595.07 for federal income tax, $230.69 for social security tax, $53.95 for medicare tax, Critical Ill Insurance for $13.45, Disability Insurance for $42.44, Whole Life Insurance for $43.99, Dental Insurance for $41.88, Medical Enhanced Insurance for $124.85, and Vision Insurance for $3.58, for a total amount of $1,149.90 per month.

33.   During her employment with Defendants, certain deductions were taken from the earnings of Plaintiff Amanda Rollins  being $272.83 for federal income tax, $180.91  for social security tax, $42.31 for medicare tax, Disability Insurance for $19.38, Term Life Insurance for $8.30, Whole Life Insurance for $19.50,  for a total amount of $543.23 per month.

34 After their employment with the Defendants ended, Plaintiffs discovered that the insurance premiums that were being withheld from their paychecks was not going to the insurance company, and they in fact had no insurance.

**PLAINTIFFS COMPLAINT**
**Page 7**

35. The United States District Court, D. Maryland, Civil Action No. RDB-17-2107, *Capital Finance, LLC., v. Oscar Rosenberg et al*, dated January 23, 2019, on page eighteen of said opinion, the court stated in part "This evidence is undisputed. at trial, Mr. Rosenberg admitted that there were unpaid payroll taxes as of December 2016. (ECF No. 102, at 77:13-

36. ) Neuman also admitted that payroll taxes were not paid on time. (ECF No. 100, at 19:23-20:9.)

37. The only individuals that had the control over Concord Healthcare to decide not to pay the taxes and the insurance premiums that were withheld from the paychecks of Plaintiffs were Josef Nenum and Oscar Rosenberg.

38. Based on the figures available at this time, Plaintiff Timmons had $13,788.00 in wages that withheld wrongfully, and Plaintiff Rollins had $6,518.76 in wages that were withheld wrongfully.

39. Plaintiff will be able to provide more accurate calculations in the numbers reflected above once discovery is produced from the Defendants.

40. Defendants have repeatedly and willfully violated, and continue to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff and others for all overtime hours worked.

41. Plaintiffs were employed in positions which were not exempt from the requirement that they be compensated for their hours of work by the payment of straight time and overtime. Defendants have repeatedly and consistently failed to pay Plaintiffs and others for working through their lunch hour, off the clock time, and overtime hours.

42. The payments are not proper and do include any pay for which Plaintiffs worked through their lunch hour, off the clock time, and overtime hours.

43. The evidence at trial will show that Plaintiff and others were not paid for all hours worked.

44. Plaintiff believes, and thereby, alleges that the failure of CONCORD HEALTHCARE GROUP, GARDENDALE REHABILITATION AND NURSING CENTER, JOSEF NEUMAN, OSCAR ROSENBERG, and SHERYL SMITH to pay for overtime pay was intentional.

45. An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each such violation." § 216(e)(2).

46. Several of the checks that were issued to Plaintiff by Defendants were returned for insufficient funds (checks "bounced"). This was and is a violation of the Fair Labor Standards Act, in that Plaintiff failed to receive proper wages at the time they were due. The FLSA provides that "[a]n employer who violates the provisions of section 206 or section 207 ... shall be liable to the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional amount as liquidated damages." 29 U.S.C. § 216(b) (1988). These liquidated damages are compensatory rather than punitive in nature; they compensate employees for the losses they may have suffered by reason of not receiving their proper wages at the time they were due. *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583-84, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682 (1942).

47. As a result of the checks being insufficient, Plaintiffs and other employees had to incur check cashing charges.

**PLAINTIFFS COMPLAINT**
**Page 9**

## FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA BY DEFENDANTS

48. Plaintiffs incorporates by reference all allegations contained in Paragraphs 1 through 47 hereinabove.

49. During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

50. Defendants failed to pay Plaintiffs for all time worked during which time Plaintiffs were working through their lunch period, which was automatically deducted from the wages of Plaintiffs and other employees.   During that period of employment Plaintiffs regularly worked in excess of forty (40)hours per workweek..   Defendants failed to pay Plaintiffs time-and-a-half for all hours they worked in excess of forty (40) hours in a workweek.   Plaintiffs were non-exempt employee during the workweeks. Defendants failed to pay Plaintiffs any wages because Defendants failed to pay Plaintiffs the minimum salary requirements under the FLSA.

51. Defendants deliberate decision to not compensate Plaintiff for certain workweeks constitutes a willful violation of the FLSA.

52. Defendants have repeatedly violated the Fair Labor Standards Act.

## FAILURE TO MAINTAIN RECORDS

53. 29 C.F.R. Sec. 516.2 sets out the guidelines for what the employer must do to comply to with Fair Labor Standards Act, which includes but is not limited to accurate record keeping. The employer has the obligation to maintain records of the employee's work hours. *See* 29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained

by him, and shall preserve such records for such periods of time.").

## UNJUST ENRICHMENT BY DEFENDANTS

54. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 53 hereinabove

55. Defendants were unjustly enriched when they failed to pay Plaintiff for all time worked, and for failing to pay Plaintiff the set amount that was promised by the Defendants. As a result of Defendants unjust enrichment, Plaintiff suffered damages and Plaintiff hereby sues.

## REQUESTED RELIEF

56. Plaintiffs have suffered and continues to suffer damages as a result of the Defendants failure and refusal to pay proper compensation, as shown above, because of the Defendants continued violations of the FLSA. Plaintiffs are entitled to judgment granting them damages in the amount of the difference between the partial wages actually received by the Plaintiff and the full wages they are entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities, and attorney fees.

57. Plaintiffs, in addition for their claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

## JURY DEMAND

58. Plaintiff requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be granted:

1. Ordering the Defendants to pay the Plaintiffs compensation due as a result of Defendants violation of the FLSA;

2. Ordering Defendants to pay the Plaintiffs liquidated damages;

3. Ordering Defendants to pay damages for unjust enrichment.

4. Ordering Defendants to pay the Plaintiffs a civil penalty not to exceed $1,100.00 for each violation of the FLSA.

5. Granting injunctive relief by ordering Defendants to comply with the requirements of the FSLA.

6. Ordering Defendants to pay Plaintiffs costs of court in this action;

7. Ordering Defendants to pay Plaintiffs reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

8. Providing such other and further relief as is just and necessary.

Respectfully submitted,
_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiffs

**PLAINTIFFS COMPLAINT**
**Page 12**